IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

RUSSELL CHARLES PETERS,    )
    )
    Movant,    )
    )
    v.    )    Civ. No. 07-06047-CV-SJ-NKL-P
    )    Crim. Nos. 05-06021-01-CR-SJ-NKL
UNITED STATES OF AMERICA,    )        05-06022-03-CR-SJ-NKL
    )
    Respondent.    )
    )
    )

ORDER

Pending before the Court is Movant Russell Charles Peters' ("Peters") Motion to
Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1].  For the
reasons set forth below, the Motion will be denied.

**I.**    **Background**

On May 20, 2005, Peters was charged in a one-count indictment that charged him
with conspiracy to distribute 500 grams or more of methamphetamine in CASE NO. 05-
6201-01-CR-SJ-NKL, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 21 U.S.C. §
846, and on the same date of May 20, 2005, was subsequently indicted in the Western
District of Missouri, St. Joseph Division, for one count of conspiracy to distribute 500
grams or more of methamphetamine in CASE NO. 05-06202-03-CR-SJ-NKL, in
violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  On May 17, 2006, in the presence of his

1

appointed defense counsel, Ronald Partee, Peters changed his plea from not guilty to guilty for both conspiracy counts before United State District Court Judge Nanette K. Laughrey.  During the change of plea hearing, the judge asked Peters if he wished to plead guilty to Count I of both indictments and explained that both counts charged Peters with conspiracy to distribute over 500 grams of methamphetamine.  Peters answered in the affirmative.  (Plea Tr. 7-8).  The judge informed Peters of the range of sentences carried by each charge, as well as the rights that he would be waiving by pleading guilty.  (Plea Tr. 4-6).  The judge specifically notified Peters that the Court was not bound by the Sentencing Guidelines estimations.  (Plea Tr. 9-10).  Peters further acknowledged that no promises as to the sentence had been made to induce his guilty plea.  (Plea Tr. 10).  In addition, Peters testified that Mr. Partee had done everything asked of him.  (Plea Tr. 11-12).  All of this testimony was given under oath.  The judge found that Peters' plea was voluntarily given and accepted his plea agreement.

On September 7, 2006, the Court sentenced Peters to 188 months' imprisonment on two counts of conspiracy to distribute more than 500 grams or more of methamphetamine, the terms to run concurrently, followed by five years of supervised release.  The Court also ordered Peters to pay to the United States criminal monetary penalties of $200 and recommended Peters be placed in the 500-hour residential drug treatment program.

**II.  Discussion**

2

In his Section 2255 motion, Peters claims that he received ineffective assistance of counsel because Mr. Partee failed to argue that his plea agreement required a sentence not greater than 120 months, failed to file a timely notice of appeal after Peter requested that Mr. Partee do so, failed to perfect the record on appeal and failed to prosecute an appeal. (Def. Mot. at 3).

### A.    Waiver

Pursuant to the plea agreement, Peters pleaded guilty to Count I of both indictments and, among other things, agreed "that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense and expressly waives the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines."  A waiver of appeal and post conviction relief is enforceable unless the sentence is illegal, would constitute a miscarriage of justice, or resulted from ineffective assistance of counsel.  *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000).

Peters does not contend that his counsel was ineffective in negotiating the waiver provision.  In fact, he admitted at his plea hearing that he understood the plea agreement and was satisfied with the representation he had from his attorney.  Nor has Peters shown that his sentence is illegal or the terms of his plea agreement resulted in an injustice. Therefore, Peters waived his right to appeal his sentence.

### B.    Ineffective Assistance of Counsel

3

In order to succeed on a claim of ineffective assistance of counsel, the Supreme Court has held that a petitioner must demonstrate (1) that his counsel's performance was constitutionally deficient and (2) that the deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, the petitioner must show that "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This showing must include an analysis of the probability that the relief would have been granted by the Court. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (if there is no reasonable probability that the motion would have been successful, movant cannot prove prejudice).

Peters has not shown any possibility of prejudice by the conduct of his defense counsel. Because he waived his right to appeal, Peters cannot show any prejudice as a result of his attorney's alleged failure to properly prosecute Peters' appeal. Even if an appeal had been filed, it would have been dismissed because Peters waived his right to appeal. *See United States v. Berberich*, 254 F.3d 721, 724-25 (8th Cir. 2001); *Ryan v. United States*, 97 F. Supp.2d 190, 195 (D. Mass. 2000).

4

As for his claim that his plea agreement required a sentence of no more than 120 months, Peters has failed to present any evidence that supports that claim. At his plea hearing, Peters acknowledged his guilt and said he was satisfied with his trial counsel. He acknowledged that the Court was not bound by the plea agreement and he testified under oath that no one had promised what the Court would or would not do.

## III.  Conclusion

Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

IT IS SO ORDERED.


s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  August 30, 2007
Jefferson City, Missouri